**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

MOHAMED ABOUEID, *on behalf of himself,*          Case No.
*FLSA Collective Plaintiffs and the Class,*

                              Plaintiffs,          **CLASS AND COLLECTIVE ACTION**
                                                   **COMPLAINT**

        -against-

TRATTORIA PESCE PASTA RESTAURANT          **Jury Trial Demanded**
CORP. d/b/a Trattoria Casa Di Isacco and
ISAAC GUTIERREZ,

                              Defendants.
----------------------------------------------------------X

        Plaintiff Mohamed Aboueid ("Aboueid" or "Plaintiff") alleges on behalf of himself and

others similarly situated against Defendants Trattoria Pesce Restaurant Corp. d/b/a Trattoria Casa

Di Isacco ("Restaurant") and Isaac Gutierrez ("Gutierrez") (collectively, "Defendants), upon

information and belief, as follows:

## NATURE OF THE CLAIMS

1.  Aboueid had multiple stints of employment with the Defendants as a waiter between

    2017 and 2021.  Aboueid worked 6 days per week, 10 hours per day, for a total of 60

    hours per week.  In all instances, Aboueid was paid less than the minimum wage – only

    $20.00 per day or $50.00 per day, plus tips.  In addition, despite working more than forty

    hours per week, the Defendants failed to pay Aboueid overtime.  Furthermore, the

    Defendants committed statutory wage violations, by failing to provide Aboueid with a

    wage notice or a proper wage statement.

2.  As such, Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended 29

    U.S.C. §§ 201 *et. seq.* ("FLSA") that he is entitled to recover from Defendants: (1)

unpaid minimum wage, (2) unpaid overtime, (3) liquidated damages and (3) attorneys'
fees and costs.

3. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL") that he is
entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3)
civil damages for statutory wage notice violations, (4) liquidated damages and (5)
attorneys' fees and costs.

4. Lastly, Plaintiff alleges a claim under 26 U.S.C. § 7434 for the fraudulent filing of
information returns.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28
U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state
law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391
because Defendants' principal place of business is located in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201
and 2202.

## PARTIES

8. Plaintiff Mohamed Aboueid ("Aboueid" or "Plaintiff") was and is a resident of Queens
County, New York.

9. Defendant Trattoria Pesce Pasta Restaurant Corp. d/b/a Trattoria Casa Di Isacco
("Restaurant") was and is a domestic business corporation organized under the laws of
the State of New York.

10. The Restaurant was and is authorized to conduct business in the State of New York.

11. The Restaurant was and is located at 536 9th Avenue, New York NY 10018.

12. Defendant Isaac Gutierrez ("Gutierrez"), upon information and belief, was and is a resident of the State of New York.

13. Gutierrez was and is an Owner of the Restaurant.

14. Gutierrez exercised control over the employment terms and conditions of Aboueid and the similarly situated Plaintiffs.  Gutierrez had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Aboueid and the similarly situated Plaintiffs.  At all times, Aboueid and the similarly situated Plaintiffs could complain directly to Gutierrez regarding any of the terms of their employment, and Gutierrez would have the authority to effect any changes to the quality and terms of the Plaintiffs' employment.

15. At all times relevant times, the Restaurant has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

16. At all relevant times, the Restaurant is an "enterprise engaged in commerce" within the meaning of the FLSA, the NYLL and the regulations thereunder.

17. At all relevant times, the work performed by the Plaintiff was directly essential to the business operated by the Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including waiters, dishwashers, hostesses, busboys and food runners employed by Defendants on or after the date that is

three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

19. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices and procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them minimum wage and overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek.  The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

20. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail for the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

21. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including waiters, dishwashers, hostesses, busboys and food runners employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class period").

22. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rate of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

23. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants; upon information and belief, there are in excess of ten (10) Class Members.

24. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate action. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay minimum wage, (ii) failing to pay overtime compensation, (iii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iv) failing to provide proper wage and hour notices, at date of hire and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

25. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress to wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of the individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

28. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed Plaintiff and Class members within the meaning of the New York law;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d) Whether Defendants properly notified Plaintiff and Class members of their hourly rate and overtime rate;

(e) Whether Defendants paid Plaintiff and Class members the prior minimum wage under the New York Labor Law;

(f) Whether Defendants paid Plaintiff and Class members the proper overtime

compensation under the New York Labor Law;

(g) Whether Defendants provided a proper wage notice to Plaintiff and Class Members per requirements of the New York Labor Law;

(h) Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law; and

(i) Whether Defendants provided proper wage and hour notices to Plaintiff and Class members, at date of hire and annually, as required by the New York Labor Law.

## STATEMENT OF FACTS

29. Aboueid had multiple stints of employment with the Restaurant.

30. Aboueid worked at the Restaurant for approximately six months in 2017.

31. Aboueid worked at the Restaurant for approximately six months in 2018.

32. Aboueid worked at the Restaurant for approximately six months in 2019.

33. Aboueid worked at the Restaurant from approximately September 2020 to May 2021.

34. Aboueid worked at the Restaurant from approximately September 2021 to October 15, 2021.

35. Aboueid was employed by the Restaurant as a waiter.

36. Aboueid was a non-exempt employee.

37. Aboueid worked for the Restaurant at 536 9th Avenue, New York NY 10018.

38. Aboueid worked six days per week, ten hours per day, for a total of sixty hours per week.

39. In 2017, Aboueid was paid $20.00 per day, plus tips, solely in cash.

40. In 2018, Aboueid was paid $20.00 per day, plus tips, solely in cash.

41. In 2019, Aboueid was paid $20.00 per day, plus tips, solely in cash.

42. In 2020, Aboueid was paid $20.00 per day, plus tips, solely in cash.

43. In 2021, Aboueid was paid $50.00 per day, plus tips.

44. In 2021, Aboueid was paid either in cash or by check.

45. Some of the check payments in 2021 were for multiple days of work. For instance, a check for $150.00 was a payment for three days of work.

46. The Restaurant failed to pay minimum wage to Aboueid at any point during his employment with the Restaurant.

47. The Restaurant failed to pay overtime to Aboueid at any point during his employment with the Restaurant.

48. Although Aboueid worked over forty hours per week, the Defendants failed to pay Aboueid at the required overtime rate.

49. Aboueid was not provided with a wage notice upon his hire or annually.

50. Aboueid was not provided with a W-2 during her employment with the Defendants.

51. The Defendants failed to provide Aboueid with a proper wage statement with each payment received.

52. Defendants knowingly and willfully operated their business with a policy of not paying the FLSA or the New York State minimum wage rate.

53. Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (time and a-half) or the New York State overtime rate (time and a-half).

54. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices pursuant to the NYLL.

55. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements pursuant to the NYLL.

9

## FIRST CAUSE OF ACTION
### (FLSA – Unpaid Minimum Wage)

56. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

57. By failing to pay the correct statutory minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

58. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59. Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon.  Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (NYLL – Unpaid Minimum Wage)

60. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

61. Defendants willfully violated Plaintiffs' and Class Members' rights by failing to pay the correct statutory minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

62. Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Class Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL § 663(1) *et seq.*

### THIRD CAUSE OF ACTION
**(FLSA – Unpaid Overtime)**

63. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs as though they were fully set forth herein.

64. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

65. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

66. Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION
### (NYLL – Unpaid Overtime)

67. Plaintiff, on behalf of himself and the Class Members, repeats and realleges the preceding
paragraphs as though they were fully set forth herein.

68. Defendants willfully violated the Plaintiffs rights by failing to pay overtime
compensation at a rate of not less than one and one-half times the regular rate of pay for
hours worked in excess of 40 each week, in violation of the NYLL and the regulations
promulgated thereunder.

69. Defendants' failure to pay overtime premium compensation caused the Plaintiffs to suffer
loss of wages and interest thereon.  The Plaintiffs are entitled to recover from the
Defendants their unpaid overtime compensation, damages for unreasonably delayed
payment of wages, liquidated payment of wages, liquidated damages, reasonable
attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 666(3) *et
seq*.

## FIFTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notice)

70. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and
every allegation of the preceding paragraphs hereof with the same force and effect as
though fully set forth herein.

71. Defendants have willfully failed to supply the Plaintiffs and Class Members with a wage
notice as required by NYLL, Article 6, § 195(1), at the time of hiring or annually,
containing the following information: the rate or rates of pay and basis thereof, whether
paid by the hour, shift, day, week, salary, piece, commission other; the regular pay day
designated by the employer; the name of the employer; the physical address of the

employer and the telephone number of the employer.

72. Due to the Defendants' violations of the NYLL, the Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

### SIXTH CAUSE OF ACTION
**(NYLL – Failure to Provide Wage Statements)**

73. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

74. Defendants have willfully failed to provide the Plaintiff and Class Members with proper wage statements as required by NYLL Article 6 § 195 (3) with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employer; address and phone number of employer' rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary or other; gross wages; deductions; and net wages.

75. Due to the Defendants' violations of the NYLL, the Plaintiff and the Class Members are entitled to recover from Defendants two hundred fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**SEVENTH CAUSE OF ACTION**
**(Fraudulent Filing of Information Returns Under 26 U.S.C. § 7434(a))**

76. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

77. By failing to provide Plaintiff and Collective Action Members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff and the Class as compensation for all of the work performed during the course of employment with the Defendants, and failing to properly report employee income and withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. §7434.

78. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff on behalf of himself and all others similarly situated, respectfully requests that this Court grant the following relief:

A. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing

Plaintiff and their counsel to represent the Collective Action Members;

B. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and their counsel to represent the Class;

C. An order tolling the statute of limitations;

D. A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

E. An injunction against Defendants' and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

F. An award of compensatory damages as a result of Defendants' failure to pay minimum wage pursuant to the FLSA, NYLL and supporting regulations;

G. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA, NYLL and supporting regulations;

H. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and overtime compensation pursuant to the FLSA and NYLL;

I. A maximum of $5,000.00 per Plaintiff to failure to provide a proper wage notice upon hire or annually;

J. A maximum of $5,000.00 per Plaintiff for the failure to provide proper wage statements pursuant to the NYLL;

K. A maximum of $5,000.00 per Plaintiff for the Defendants' fraudulent filing of

information returns under 26 U.S.C. § 7434(a).

L.  An award of prejudgment and post-judgment interest;

M.  An award of costs and expenses of this action together with reasonable attorneys' and

expert fees;

N.  Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury.

Dated: December 14, 2021
        New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____

Robert D. Salaman
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
rob@akinlaws.com

*Counsel for Plaintiff*