```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MOHAMED ABOUEID,                                      :
                                                      :
                           Plaintiff,                 :     21-CV-10697 (OTW)
                                                      :
              -against-                               :     **OPINION & ORDER**
                                                      :
TRATTORIA PESCE PASTA RESTAURANT CORP.,               :
et al.,                                               :
                                                      :
                           Defendants.                :
                                                      :
-------------------------------------------------------------x
```

**ONA T. WANG**, **United States Magistrate Judge**:

Plaintiff Mohamed Aboueid ("Plaintiff") brought this action against Trattoria Pesce Pasta Restaurant Corp., d/b/a Trattoria Casa Di Isacco, and Isaac Gutierrez (collectively "Defendants") in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff alleged failure to pay "minimum wage and overtime," along with failure to provide a statutory wage notice and wage statements and fraudulent filing of information returns. (ECF 29 at 2). Plaintiff and Defendants reached a settlement and now seek Court approval of their proposed settlement agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). All parties have consented to my jurisdiction to decide the motion in accordance with 28 U.S.C. § 636(c). (ECF 30). For the reasons below, the Court **APPROVES** the settlement agreement as fair and reasonable under *Cheeks*.

I.   **Background**[1]

Plaintiff alleges that he was employed as a waiter for Defendants for six months in 2017,

---

[1] The following facts are as alleged in Plaintiff's complaint (ECF 1) and the parties' Motion to Approve Settlement. (ECF 29).

2018, and 2019, from September 2020 to May 2021 and September 2021 to October 15, 2021. (ECF 1 ¶¶ 29-35). Plaintiff alleges that during his different periods of employment, he worked 10 per hours day, 6 days per week, for a total of 60 hours per week. (ECF 29 at 2). Plaintiff further alleges that he was paid $20 per day in 2017, 2018, 2019, and 2020, while earning $50 per day in 2021. (ECF 29 at 2). Plaintiff alleges that Defendants failed to pay him the correct minimum wage or overtime wages he was owed. (ECF 1 ¶¶ 46-47). Plaintiff further alleges that Defendants did not provide him with a wage notice, a W-2, or proper wage statements. (ECF 1 ¶¶ 39-51). Plaintiff commenced this lawsuit on December 14, 2021. (ECF 1). In April and May 2022, the parties engaged in two mediation sessions, and subsequently reached a settlement agreement. (ECF 29 at 1).

## II. Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

### a. Range of Recovery

Plaintiff alleges that his potential maximum recovery was between $96,200.00 and $111,200.00. (ECF 29 at 2). The proposed settlement amount is $35,000.00. (ECF 29 at 2). Of the total settlement amount, Plaintiff would receive $22,681.33, approximately 24% of his best-case outcome for overtime and back wages.[2] Although Plaintiff receives less than half the base damages to which he maintains he is entitled, courts in this district have approved settlement amounts within this range. *See, e.g., Zorn-Hill v. A2B Taxi LLC*, No. 19-CV-1058 (KMK), 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (approving a settlement amount equal to 12.5% of the plaintiff's best-case scenario recovery); *Gervacio v. ARJ Laundry Services Inc.*, No. 17-CV-9632 (AJN), 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019) (approving 20% of maximum recovery where defendants had contrary documentation); *Santos v. YMY Mgmt. Corp.*, No. 20-CV-1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving settlement agreement equal to 18% of Plaintiff's total alleged damages). Plaintiff's counsel would then take $12,318.67 in fees and costs. (ECF 29 at 3). Given the risks of litigation as noted below, the Court finds this amount reasonable.

### b. Burden and Risks of Litigation

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties' filings demonstrate that there are significant disputes present in this case that present them with risks were they to proceed with litigation. (ECF 29 at 2). While Plaintiff

---

[2] (22,681.33 / 96,200 = .235)

alleges significant failures to pay wages and overtime, Defendants contend that Plaintiff worked only sporadically for far less than 60 hours per week. (ECF 29 at 2). Defendants additionally claim that Plaintiff worked full-time for another restaurant at the time he claims he was working for Defendants, and have provided sworn affidavits from employees of their restaurant who claim that Plaintiff only worked occasionally at the restaurant in 2021 and not anytime before. (ECF 29 at 2). Both parties acknowledge the risk involved in engaging in protracted and costly litigation. (ECF 29 at 2).

### c. Arm's Length Negotiation

The parties represent that the settlement was a product of extensive and hard-fought bargaining between experienced counsel and two mediation sessions with a neutral mediator, and there is no evidence to the contrary. (ECF 29 at 2).

### d. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement.

### e. Additional Factors

The release is appropriately limited to claims based on Plaintiff's employment up to the date the agreement was executed and does not seek to exceed the scope of wage-and-hour issues. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v.*

*Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The Court finds that, given the particular facts and potential damages in this case, the attorneys' fees award of $11,666.67 is reasonable, and represents approximately 33%[3] of the total award. Although there is not a proportionality requirement, FSLA settlements generally amount to a third of the settlement award. *See Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a reasonable attorneys' fee to be paid by the defendant"); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3%").

The fees award is less than Plaintiff's counsel's stated lodestar, which is supported by billing records attached to the proposed settlement. (ECF 29-3). Plaintiff's counsel has also attached supporting documentation for costs. (ECF 29-2). Given these facts, the Court finds the requested award of attorneys' fees and costs to be reasonable.

### III.   Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement

---

[3] (11,666.67 / 35,000 = .33)

agreement of $35,000 as fair and reasonable. Plaintiff will receive **$22,681.33**. Plaintiff's counsel will receive **$12,318.67** of the settlement amount, with **$11,666.67** allocated to attorneys' fees and **$652** to costs. It is hereby **ORDERED** that this action is dismissed with prejudice. The Clerk of Court is respectfully directed to terminate all open motions and close the case.

**SO ORDERED.**

Dated: December 14, 2022
      New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge

agreement of $35,000 as fair and reasonable. Plaintiff will receive **$22,681.33**. Plaintiff's counsel will receive **$12,318.67** of the settlement amount, with **$11,666.67** allocated to attorneys' fees and **$652** to costs. It is hereby **ORDERED** that this action is dismissed with prejudice. The Clerk of Court is respectfully directed to terminate all open motions and close the case.

**SO ORDERED.**

Dated: December 14, 2022
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge